IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERISOURCEBERGEN DRUG
CORPORATION,

    Plaintiff/Counterclaim Defendant,

Civil Action No. 2:14-cv-02028-EGS

v.

DGN PHARMACY, INC.,

    Defendant/Counterclaim Plaintiff.

## STIPULATED ORDER

The above action is dismissed without prejudice by agreement of the parties and their respective counsel without costs. The Court shall retain jurisdiction in this matter for one hundred eighty (180) days from the date of this Order. The executed Settlement Agreement, attached as **Exhibit A** hereto, by and between the parties is approved and incorporated into this Order for enforcement purposes. By his signature below, Lawrence Margolis, individually, as guarantor ("Guarantor"), further consents to the jurisdiction of this Court over him solely in his capacity as Guarantor of Defendant's payment obligations pursuant to the Settlement Agreement.

| | |
|---|---|
| MITTS LAW, LLC | ORLANDO LAW OFFICES, P.C. |
| By: _____ | By: _____ |
| Maurice R. Mitts, Esquire | Eugene Orlando, Jr., Esquire, (Id# 27705) |
| Attorney I.D. No. 50297 | Christopher M. Garrell, Esquire (Id# 310743) |
| 1822 Spruce Street | 2901 St. Lawrence Avenue, Suite 202 |
| Philadelphia, PA 19103 | Reading, PA 19606 |
| (215) 866-0112 (telephone) | (610) 779-3830 (telephone) |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |

LAWRENCE MARGOLIS
(INDIVIDUALLY)

By: _____
Lawrence Margolis

**SO ORDERED:**

_____, J.

Dated: _____, 2015

# Exhibit A

**SETTLEMENT AGREEMENT**

This Settlement Agreement (this "Agreement"), dated as of January 20, 2015 (the "Effective Date"), is entered into by and among AmerisourceBergen Drug Corporation ("ABDC"), DGN Pharmacy, Inc. d/b/a DiGino's Apothecary ("Pharmacy") and Pharmacy's principal, Lawrence Margolis, individually ("Guarantor"), (ABDC, Pharmacy and Guarantor may be collectively referenced as the "Parties").  (The use of the terms ABDC and Pharmacy in this Agreement are merely for reference purposes and are not intended to invoke any statutory definitions or any particular definitions otherwise).

**WHEREAS**, on April 7, 2014, ABDC filed a complaint in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 2:14-cv-02028-EGS (the "Complaint"), alleging Pharmacy breached its contract with ABDC by, *inter alia*, failing to pay ABDC for pharmaceutical products purchased by Pharmacy;

**WHEREAS,** on September 2, 2014, Pharmacy filed an answer to the Complaint with counterclaims (the "Counterclaims");

**WHEREAS,** on October 22, 2014, ABDC filed an answer to the Counterclaims;

**WHEREAS**, Pharmacy acknowledges its liability to ABDC in the amount of two hundred eighty-eight thousand dollars ($288,000.00);

**WHEREAS**, ABDC denies any liability to Pharmacy; and

**WHEREAS**, in order to avoid the cost and distraction of litigation, the Parties have negotiated a mutually acceptable compromise to resolve the dispute between them.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, and intending to be legally bound, the Parties agree as follows:

1. **Payments**. Pharmacy shall make the following separate payments (each, a "Settlement Payment") totaling in the aggregate $288,000.00 (the "Settlement Amount") of payments to ABDC on the specific dates set forth below (time is of the essence):

- On or before January 20, 2015, Pharmacy shall pay to ABDC the sum of twenty-five thousand dollars ($25,000.00);

- On or before February 20, 2015, Pharmacy shall pay to ABDC the sum of ten thousand dollars ($10,000.00);

- On or before March 20, 2015, Pharmacy shall pay to ABDC the sum of ten thousand dollars ($10,000.00);

- On or before April 20, 2015, Pharmacy shall pay to ABDC the sum of ten thousand dollars ($10,000.00); and

- On or before May 20, 2015, Pharmacy shall pay to ABDC the sum of two hundred thirty-three thousand dollars ($233,000.00).

2. **Designated Payee**. The Settlement Amount shall be paid by DGN in each and all instances by bank check or wire transfer to the account information attached hereto as **Exhibit A**.

3. **Stipulated Order and Stipulated Judgment**. Within ten (10) days of the execution of this Settlement Agreement, Plaintiff shall submit to the Court the Stipulated Order, attached hereto as **Exhibit B** and executed by the parties simultaneously with this Agreement. If Pharmacy fails to make any Settlement Payment on or before the date specified above (each non-timely payment, a "Default") and fails to cure such Default within ten (10) days of written notice to Pharmacy and Guarantor (each notice being sent by FedEx, signature not required, to the office address of Pharmacy's counsel of record), then Pharmacy and Guarantor both authorize ABDC to enter judgment immediately thereafter against Pharmacy and Guarantor, jointly and severally, for the full amount of the debt as alleged in the Complaint (in the principal amount of $284,763.14), plus interest, late fees, attorneys' fees and costs, less any amounts already paid by Pharmacy pursuant to this Agreement to ABDC. The parties agree that the stipulated judgment

(the "Stipulated Judgment"), mutually executed by the Parties simultaneously with this Agreement in advance, is attached hereto as **Exhibit C**.  ABDC shall hold this Stipulated Judgment in escrow and may file this Stipulated Judgment only upon the occurrence of an uncured Default (and/or pursue other remedies available at law or equity).  ABDC shall further be entitled to submit an additional application of other additional costs (the "Additional Costs") then due, as set forth in the Stipulated Judgment, which, when submitted to the Clerk of the Court, shall be sufficient for the Court to enter judgment in ABDC's favor and against Pharmacy and Guarantor, jointly and severally, for the Stipulated Judgment and Additional Costs, less an offset for any amounts previously paid by Pharmacy pursuant to this Settlement Agreement.

4. **Personal Guaranty of Guarantor Lawrence Margolis**. For good and valuable consideration, Guarantor, absolutely and unconditionally guarantees full and punctual payment of the Settlement Payments and full satisfaction of the Settlement Amount owed by Pharmacy to ABDC pursuant to this Agreement and the performance and discharge of all Pharmacy's obligations under this Agreement. This is a guaranty of payment and performance and not of collection so ABDC can enforce this Agreement against Guarantor even when ABDC has not exhausted ABDC's remedies against anyone else, including Pharmacy, obligated to pay the Settlement Amount.  Guarantor will make any payments to ABDC on its order, on demand, in legal tender of the United States of America in same-day funds, without set-off or deduction or counterclaim and will otherwise perform Pharmacy's payment and other obligations under the Agreement.  Guarantor's liability is unlimited and Guarantor's obligations are continuing.

5. **CONSENT JUDGMENT.  IF PHARMACY DEFAULTS AS SETS FORTH ABOVE AND FAILS TO MAKE ANY SETTLEMENT PAYMENT IN A TIMELY MANNER, AND ONLY AFTER THE EXPIRATION OF THE 10-DAY NOTICE**

**PROVISION AND CURE PERIOD AS SET FORTH ABOVE, BOTH PHARMACY AND GUARANTOR CONSENTS TO ABDC IMMEDIATELY ENTERING A JUDGMENT AGAINST EACH OF THEM, JOINTLY AND SEVERALLY WITH PHARMACY, FOR THE FULL AMOUNT OF THE UNDERLYING DEBT AS CLAIMED IN THE COMPLAINT, TOGETHER WITH ALL CONTRACTUAL LATE FEES, AS WELL AS INTEREST, REASONABLE ATTORNEYS' FEES AND ALL OTHER COSTS OF COLLECTION AS SO STATED ON THE STIPULATED JUDGMENT. (*SEE* <u>EXHIBIT C</u>). ABDC MAY FILE THIS AGREEMENT AND THE STIPULATED JUDGMENT WHICH, WHEN SUBMITTED TO THE CLERK OF THE COURT, SHALL BE SUFFICIENT FOR THE COURT TO ENTER JUDGMENT IN ABDC'S FAVOR AND AGAINST GUARANTOR FOR THAT STIPULATED AMOUNT AND ANY ADDITIONAL COSTS.**

6. **<u>Dismissal of Counterclaims</u>**. Pharmacy shall dismiss the Counterclaims with prejudice within seven (7) days of the Effective Date.

7. **<u>Miscellaneous Provisions</u>**.

a. It is understood and agreed that this Agreement is the compromise of disputed claims and that any payments made in connection with this Agreement are not to be construed as an admission of liability on the part of any of the parties. This Agreement is not intended to reflect in any way the Parties' views as to their rights and obligations with respect to matters or persons outside the scope of this Agreement.

b. This Agreement represents the complete agreement among the Parties with respect to the subject matter as set forth herein and shall not be modified except by a writing duly executed by all of the Parties. None of the Parties are relying on any prior representations by any

other Party that are not expressly set forth herein. This Agreement supersedes all other prior discussions, agreements and understandings, both written and oral, among the Parties with respect to the subject matter hereof.

  c. This Agreement has been negotiated and drafted jointly by the Parties and no presumptions, inferences or burdens of proof regarding the interpretation of this document shall arise favoring or disfavoring any Party by virtue of the authorship of and provision of this Agreement.

  d. To the extent a Party successfully brings a proceeding to enforce this Agreement, the other Party shall pay attorneys' fees and costs associated with that proceeding.

  e. The Parties agree that a copy of this Agreement may be admissible to the same extent as the original in any action to enforce the Parties' respective rights hereunder.

  f. This Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania and the Parties agree that the United States District Court for the Eastern District of Pennsylvania shall be the exclusive venue of any action which may be filed with respect to this Agreement.

  g. Unless otherwise (i) required by law or court order, (ii) necessary for reporting requirements to any governmental, regulatory or similar entity or for financial or credit reports or applications, or (iii) related to enforcement of this Agreement and/or the rights and remedies hereunder, the Parties to this Agreement agree to keep this Agreement and its terms confidential, and they agree not to disclose to any party, person or entity other than the Parties any of the terms of this Agreement except as may be required to effectuate the terms of the Agreement. Each person or entity to whom any terms of this Agreement are disclosed shall be informed of

the confidentiality provisions of this Agreement and shall also agree to be bound by such confidentiality provisions.

  h. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and when taken together with the other signed counterparts, shall constitute one agreement which shall be binding upon and effective as to all Parties.

  i. This Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights and benefits hereof shall be binding upon, and shall inure to the benefit of, the Parties and their respective successors, heirs and assigns.

  j. The Parties and signatories hereto represent and warrant that the undersigned have the authority to act on behalf of their respective Parties and principal and all who may claim through them with respect to the terms and conditions of this Agreement.

  k. This Agreement is made and executed by each of the Parties hereto with the advice of counsel, and no party hereto has been coerced or induced to make this compromise and settlement by any improper action of any other Party hereto.

**[remainder of page left intentionally blank]**

**[signature page follows]**

IN WITNESS HEREOF, the undersigned, intending to be legally bound, have duly executed this Agreement as of the Effective Date.

**AMERISOURCEBERGEN DRUG CORPORATION**

*/s/ Debra L Werz*
By: Debra L. Wertz
Title: Director AR & Credit

Date: January 20th, 2015

**DGN PHARMACY, INC.**

_____
By:
Title:

Date: January ___, 2015

**LAWRENCE MARGOLIS**
**(individually, as Guarantor)**

_____
Lawrence Margolis (individually)

Date: January ___, 2015

   IN WITNESS HEREOF, the undersigned, intending to be legally bound, have duly executed this Agreement as of the Effective Date.

**AMERISOURCEBERGEN DRUG CORPORATION**

Date: January ___, 2015

_____
By:
Title:

**DGN PHARMACY, INC.**

____/s/_____   Date: January ___, 2015
By:
Title: *Pres.*

**LAWRENCE MARGOLIS**
**(individually, as Guarantor)**

____/s/_____   Date: January ___, 2015
Lawrence Margolis (individually)

7

# **EXHIBIT A**

# Wire Instructions

# MITTS LAW, LLC
## CITIZENS BANK IOLTA WIRING INSTRUCTIONS

The wiring instructions are as follows:

    Citizens Bank
    1735 Market St.
    Phila., PA 19103

Routing Number    6150

Account number    0777

Account:    Mitts Law, LLC
        1822 Spruce Street
        Philadelphia PA 19103

# **EXHIBIT B**

Stipulated Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AMERISOURCEBERGEN DRUG
CORPORATION,

    Plaintiff/Counterclaim Defendant,

Civil Action No. 2:14-cv-02028-EGS

    v.

DGN PHARMACY, INC.,

    Defendant/Counterclaim Plaintiff.

## STIPULATED ORDER

The above action is dismissed without prejudice by agreement of the parties and their respective counsel without costs. The Court shall retain jurisdiction in this matter for one hundred eighty (180) days from the date of this Order. The executed Settlement Agreement, attached as **Exhibit A** hereto, by and between the parties is approved and incorporated into this Order for enforcement purposes. By his signature below, Lawrence Margolis, individually, as guarantor ("Guarantor"), further consents to the jurisdiction of this Court over him solely in his capacity as Guarantor of Defendant's payment obligations pursuant to the Settlement Agreement.

| **MITTS LAW, LLC** | **ORLANDO LAW OFFICES, P.C.** |
|---|---|
| By: _____<br>    Maurice R. Mitts, Esquire<br>    Attorney I.D. No. 50297<br>    1822 Spruce Street<br>    Philadelphia, PA 19103<br>    (215) 866-0112 (telephone)<br>    *Attorney for Plaintiff* | By: _____<br>    Eugene Orlando, Jr., Esquire, (Id# 27705)<br>    Christopher M. Garrell, Esquire (Id# 310743)<br>    2901 St. Lawrence Avenue, Suite 202<br>    Reading, PA 19606<br>    (610) 779-3830 (telephone)<br>    *Attorneys for Defendant* |

**LAWRENCE MARGOLIS**
**(INDIVIDUALLY)**

By: _____
     Lawrence Margolis

**SO ORDERED:**

_____
                                                , J.

Dated: _____, 2015

# **EXHIBIT C**

# Stipulated Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

AMERISOURCEBERGEN DRUG
CORPORATION,

    Plaintiff/Counterclaim Defendant,

    v.                                                                                             Civil Action No. 2:14-cv-02028-EGS

DGN PHARMACY, INC.,

    Defendant/Counterclaim Plaintiff.

---

**STIPULATION FOR JUDGMENT**

As a result of the default by defendant DGN Pharmacy, Inc. ("DGN"), of the Settlement Agreement by and between DGN and Plaintiff AmerisourceBergen Drug Corporation ("Plaintiff"), judgment herein shall enter on all counts of Plaintiff's Complaint against DGN, and Lawrence Margolis, individually as guarantor of DGN's payment obligations pursuant to the Settlement Agreement, jointly and severally, in the principal amount of $284,763.14, together with interest, late fees in the amount of 0.05% per day from January 3, 2014, attorneys' fees and all other costs of collection for an aggregate total sum of $91,143.59, for a total aggregate amount of **$375,906.73** (the "Judgment Amount") as of January 13, 2015 (the "Stipulation Date").  The Judgment Amount shall continue to accrue interest, late fees in the amount of 0.05% per day, attorneys' fees and all other costs on any remaining unpaid balance from the Stipulation Date until paid in full (collectively, the "Additional Costs").  Accordingly, Plaintiff shall be entitled to file an additional application for such Additional Costs and DGN shall similarly be entitled to submit an application seeking an offset of the Judgment Amount only for those undisputed amounts that DGN previously paid to Plaintiff pursuant to the Settlement Agreement.

| | |
|---|---|
| **MITTS LAW, LLC** | **ORLANDO LAW OFFICES, P.C.** |
| By: _____<br>Maurice R. Mitts, Esquire<br>Attorney I.D. No. 50297<br>1822 Spruce Street<br>Philadelphia, PA 19103<br>(215) 866-0112 (telephone)<br>*Attorney for Plaintiff* | By: _____<br>Eugene Orlando, Jr., Esquire, (Id# 27705)<br>Christopher M. Garrell, Esquire (Id# 310743)<br>2901 St. Lawrence Avenue, Suite 202<br>Reading, PA 19606<br>(610) 779-3830 (telephone)<br>*Attorneys for Defendant* |

**LAWRENCE MARGOLIS (INDIVIDUALLY)**

By: _____
    Lawrence Margolis

**SO ORDERED:**

_____
                                          , J.

Dated: _____, 2015